In the Matter of the Application of SAM KOSENIK, the Foster Uncle of MARY YONCHIK, an Infant under the Age of Fourteen Years, for the Appointment of a Guardian ad Litem.— Order affirmed, with ten dollars costs and disbursements. Hill, P. J., Rhodes, Crapser and Heffernan, JJ., concur. McNamee, J. I dissent and vote to reverse the order on the ground that there appears from the proceedings already had that there probably is no adequate proof of liability and in the action already started, the defendant has defaulted in appearance, and this is a fair indication that he is financially irresponsible. In such circumstances it seems to me an unwise use of discretion to bring an action in behalf of this child without at least a reasonable if not a strong probability of substantial recovery and collection.

SAMUEL SILVERSTEIN, Respondent, v. ÆTNA LIFE INSURANCE COMPANY, Appellant.— Appeal from an order made at an adjourned Special Term of the Supreme Court, Washington county, denying defendant's motion to change the place of trial from Essex county to Kings county, asserted by defendant to be the proper county, as the residence of plaintiff, and granting a cross-motion by plaintiff to retain the place of trial in Essex county, for the convenience of witnesses. The action is brought to recover disability benefits and premiums paid under protest by plaintiff under two policies issued by defendant to plaintiff as the assured, by reason of the disability of plaintiff, caused by tuberculosis and sinusitis, such disability commencing January 15, 1929, and the recovery here sought being from December 15, 1930, to the date of the commencement of the action. The question as to the residence of plaintiff presented a controverted issue of fact which has been resolved in favor of plaintiff by the court below. The principal issue to be determined on the trial relates to the physical condition of plaintiff, and most of the witnesses will be physicians. The record does not establish that the convenience of a majority of the witnesses will be served by a change of venue to Kings county, nor that the ends of justice will be promoted by such a change to a county in the metropolitan area. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

WILLIAM E. WOOLLARD, Respondent, v. SCHAFFER STORES COMPANY, INC., Appellant, and JAY L. WOOLMAN, Doing Business under the Name and Style of " Woolman Brothers," Defendant.— The decision handed down January 15, 1936 [246 App. Div. 157], and the order entered thereon February 10, 1936, are hereby amended to read as follows: " Judgment reversed, on the law and facts, with costs, and complaint dismissed, with costs. Opinion by Crapser, J. Rhodes, McNamee and Bliss, JJ., concur; Hill, P. J., dissents. The following findings of fact, contained in the referee's report, are reversed: Nos. 5, 6, 25 and 30; and all findings of fact contained in the portion of the decision captioned ' Conclusions of Law ' are reversed. The following findings of fact, contained in plaintiff's proposed findings, are reversed: Nos. 5, 6, 25 and 31, and all findings of fact captioned ' Conclusions of Law ' are reversed. The court makes the following new finding of fact: That plaintiff's receipt and acceptance of the payment of rent accruing subsequent to the notice of election to declare a forfeiture was a waiver of the forfeiture." Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

SAMUEL J. COHEN, as Trustee in Bankruptcy of MORRIS BENJAMIN, Bankrupt, Respondent, v. GUSSIE BENJAMIN, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.